UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASON RUGGERI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF MONMOUTH, et al.,<br><br>　　　　Defendants. | Civil Action No. 05-4229 (FLW)<br><br><br>ORDER |

　　　　This matter having been opened to the Court upon Motion by Plaintiff seeking an Order compelling Defendant County of Monmouth (the "County of Monmouth") to disclose Plaintiff's probation records [Docket Entry No. 35]; and Plaintiff arguing that on September 11, 2007, Plaintiff served a subpoena *duces tecum* on the County of Monmouth, seeking the disclosure of his probation records; and Plaintiff further arguing that on September 25, 2007 the County of Monmouth declined to produce Plaintiff's probation records, citing N.J. CT. R. 1:38(b), which makes all probation records confidential; and Plaintiff further arguing that Plaintiff's probation records are relevant to this matter, which concerns Plaintiff's alleged wrongful arrest and incarceration based upon an invalid warrant for Plaintiff's alleged violation of probation, and that Plaintiff cannot prove his case against the County of Monmouth without his probation records; and Plaintiff further arguing that based upon the holding in *Murray v. City of Chicago* that an individual whose constitutional rights are allegedly violated by being arrested and detained pursuant to an invalid warrant "should be entitled to discovery in order to determine who is the true culprit responsible for the wrong done" (634 F.2d 365, 366 (7th Cir. 1980)) and the Third Circuit's adoption of the reasoning in *Murray* (*see Berg v. County of Allegheny*, 219 F.3d 261 (3d Cir. 2000)), the Court should compel the County of Monmouth to disclose Plaintiff's

probation records; and Defendants having filed no opposition to Plaintiff's Motion, except that the Probation Division of the County of Monmouth (the "Probation Division") submitted a letter stating that it takes no position with respect to Plaintiff's Motion, and noting that Plaintiff's probation records are confidential pursuant to N.J. CT. R. 1:38(b) and that, absent a Court Order, the Judiciary has no authority to release them; and the Probation Division in its no position letter further requesting that if the Court grants Plaintiff's Motion, then the Court also narrowly tailor its Order such that it compels the disclosure of only that information necessary to counsel's representation of Plaintiff and that it expressly limit the use of said information to the instant matter; and the Probation Division further requesting that should the Court grant Plaintiff's Motion, then the Court also give the Probation Division the opportunity to redact sensitive information, such as names of informants, from Plaintiff's probation records before their release; and the Court finding that it has "broad discretion when deciding discovery motions" (*Richards v. Johnson & Johnson, Inc.*, Civ. Action No. 05-3663 (KSH), 2007 WL 2123697, at *1 (D.N.J. July 20, 2007)); and the Court further finding that although the contents of probation records "are not for public consumption" (*see* N.J. CT. R. 1:38(b)), the records are "not privileged" (*State v. Loftin*, 146 N.J. 295, 390 (1996)); therefore, while the public at large is not entitled to inspect or obtain copies of an individual's probation records, the County of Monmouth and the Probation Division "may not obstruct [Plaintiff] from obtaining [his probation records] through discovery when a legitimate trial need for discovery of [their] contents exists" (*Id.*); and the Court further finding that while the County of Monmouth and/or the Probation Division must disclose Plaintiff's probation records, the Court nevertheless shares their confidentiality concerns; and the Court further finding that consequently, absent future Court Order, Plaintiff's probation records

shall only be disclosed to the parties and counsel of record in this matter, and may only be used for purposes of this litigation; and the Court further finding that in light of the aforementioned confidentiality concerns, as well as the Probation Division's concerns regarding the disclosure of sensitive information contained in Plaintiff's probation records, the County of Monmouth and/or the Probation Division may redact any sensitive information from Plaintiff's probation records prior to their production; however, descriptions of all such redactions must be kept on a redaction log that shall be produced to Plaintiff along with his probation records; and the Court having considered this matter pursuant to FED. R. CIV. P. 78, and for good cause shown,

    IT IS on this 6th day of March, 2008,

    ORDERED that Plaintiff's Motion to Compel the County of Monmouth to disclose Plaintiff's probation records is GRANTED; and it is further

    ORDERED that the County of Monmouth and/or the Probation Division shall produce Plaintiff's probation records no later than **March 21, 2008**; and it is further

    ORDERED that prior to their production, the County of Monmouth and/or the Probation Division may redact sensitive information from Plaintiff's probation records; and it is further

    ORDERED that if the County of Monmouth and/or the Probation Division redacts information from Plaintiff's probation records before producing same, then along with the probation records and no later than **March 21, 2008**, they shall also produce a redaction log that contains descriptions of all redactions so made; and it is further

    ORDERED that absent future Court Order, Plaintiff's probation records shall only be disclosed to the parties and counsel of record in this matter; and it is further

    ORDERED that absent future Court Order, Plaintiff's probation records shall only be

used for purposes of this litigation; and it is further

ORDERED that the Final Pre-Trial Conference in this matter shall take place on **April 24, 2008 at 1:30 P.M.** and that the parties shall have until **April 11, 2008** to submit their Joint Final Pre-Trial Order to the Court; and it is further

ORDERED that the Clerk of the Court terminate this Motion [Docket Entry No. 35] accordingly.

   s/ Tonianne J. Bongiovanni
**TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**